**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 15 |
| Fleming Intermediate Holdings LLC | ) | |
| (In Official Liquidation), | ) | Case No. 26-12197 (PB) |
| | ) | Related Doc # 2 |
| Debtor in a Foreign Proceeding. | ) | |

## ORDER RECOGNIZING FOREIGN MAIN PROCEEDING AND GRANTING RELATED RELIEF

This matter was brought by Charles Thresh of Teneo (Bermuda) Limited, on behalf of himself and Eleanor Fisher of Teneo (Cayman) Limited, in their capacities as the joint official liquidators ("JOLs") and the duly authorized foreign representatives (the "Foreign Representatives") of Fleming Intermediate Holdings LLC (In Official Liquidation) (the "Debtor"), upon his filing, on behalf of the Debtor, of the *Verified Petition for Recognition of Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 1515 and 1517, and for Related Relief Pursuant to 11 U.S.C. §§ 105(a), 1507(a), 1520 and 1521* (the "Verified Petition")[1] pursuant to sections 105(a), 1504, 1507, 1515, 1516, 1517, 1520 and 1521 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned Chapter 15 case (the "Chapter 15 Case").

The Court has reviewed the Verified Petition along with the other papers, pleadings and exhibits submitted by the Foreign Representatives in support of the Verified Petition, including the Hobden Declaration.

For good cause shown, the Court finds and concludes as follows:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

---

1 Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Verified Petition.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C. Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

D. Good, sufficient, appropriate and timely notice of the filing of the Verified Petition and the hearing with respect to the Verified Petition has been given pursuant to Local Rules 2002-4 and 9078-1 and Rule 2002(q)(1) of the Federal Rules of Bankruptcy Procedure.

E. The Chapter 15 Case was properly commenced pursuant to sections 1504, 1509 and 1515 of the Bankruptcy Code.

F. The Verified Petition meets the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

G. Pursuant to section 1517(a)(2) of the Bankruptcy Code, the Foreign Representatives are each a "person" within the meaning of section 101(41) of the Bankruptcy Code, and the Foreign Representatives are the duly appointed "foreign representatives" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

H. The Cayman Proceeding currently pending before the Cayman Court is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

I. The Cayman Proceeding is pending in the Cayman Islands, where the Debtor's "center of main interests," as that term is used in section 1517(b)(1) of the Bankruptcy Code, is located, and, accordingly, the Cayman Proceeding is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code and is entitled to recognition pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

J. The Debtor is entitled to all of the relief provided under section 1520 of the Bankruptcy Code, without limitation, because those protections are necessary to effectuate the

purposes of Chapter 15 of the Bankruptcy Code and to protect the assets of the Debtor and the interests of the Debtor's creditors and stakeholders.

K. The relief granted hereby is necessary and appropriate, in the interest of the public and of international comity, not inconsistent with any public policy of the United States, warranted pursuant to sections 1507(a), 1509(b)(2)-(3), 1520, 1521(a) and 1522 of the Bankruptcy Code, and will not cause hardship to creditors of the Debtor, or to any other parties in interest, in each case that is not outweighed by the benefits of granting such relief.

Therefore, it is hereby ordered that:

1. The Verified Petition is **GRANTED to the extent set forth herein**, and any objections thereto are overruled with prejudice.

2. The Cayman Proceeding is a court-supervised proceeding governed in accordance with applicable Cayman Islands law, as it may be amended from time to time, and is granted recognition as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and pursuant to section 1517 of the Bankruptcy Code is entitled to the protections of section 1520 of the Bankruptcy Code.

3. The Foreign Representatives are recognized, on a final basis, as the "foreign representatives" as defined in section 101(24) of the Bankruptcy Code.

4. All relief afforded foreign main proceedings pursuant to section 1520 of the Bankruptcy Code is hereby granted, including, without limitation, the application of the protection afforded by the automatic stay under section 362 of the Bankruptcy Code to the Debtor and to the Debtor's property that is within the territorial jurisdiction of the United States, including, without limitation, the stay under section 362 of the Bankruptcy Code of the JRG State Court Proceeding.

5. Upon entry of this Order, all persons, entities and parties are permanently enjoined and restrained from:

(i) taking or continuing any act to obtain possession of, or exercise control over, including but not limited to, attaching, repossessing, seizing, or disposing of, as applicable, the Debtor, or any of its property (including intangible property) that is located within the territorial jurisdiction of the United States or any proceeds thereof (collectively, the "Property");

(ii) transferring, encumbering, relinquishing or disposing of any Property other than to the Foreign Representatives;

(iii) commencing, continuing, or enforcing any action or legal proceeding within the territorial jurisdiction of the United States (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative or regulatory action, proceedings or process whatsoever), including by way of counterclaim, (each individually, an "Action") against the Debtor or any of the Property in respect of any claims;

(iv) commencing or continuing any act or Action to create, perfect or enforce any lien, set-off or other claim against the Debtor or the Property, including, without limitation, rights under any contracts with the Debtor; *provided*, *however*, that no Action described in sections 555, 556, 557, 559, 560, 561, 562 and 1519(d) and (f) of the Bankruptcy Code shall be enjoined by such injunction;

(v) commencing any suit, Action, or proceeding in the territorial jurisdiction of the United States against the Debtor or the Foreign Representatives in

respect of any claim or cause of Action, in law or in equity, arising out of or relating to any action taken or omitted to be taken in connection with this Chapter 15 Case;

(vi) declaring or considering the filing of the Cayman Proceeding or this Chapter 15 Case a default or event of default under any agreement, contract or arrangement; and

(vii) taking any Action in contravention of or inconsistent with the Cayman Proceeding, including, without limitation, against the Debtor, or any of the Property within the territorial jurisdiction of the United States.

6. Notwithstanding anything to the contrary contained herein, nothing in this Order shall in any respect enjoin any police or regulatory act of a governmental unit, including a criminal action or proceeding.

7. The administration or realization of all or part of the assets of the Debtor within the territorial jurisdiction of the United States is entrusted to the Foreign Representatives, and the Foreign Representatives are established as the exclusive representatives of the Debtor in the United States.

8. The Foreign Representatives, the Debtor and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules or orders of this Court.

9. No action taken by the Foreign Representatives, the Debtor, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Cayman Proceeding, this Order, this Chapter 15 Case, or any adversary proceeding herein, or any further proceeding

commenced hereunder, shall be deemed to constitute a waiver of the rights or benefits afforded such persons under sections 306 and 1510 of the Bankruptcy Code.

10. This Order shall be served by electronic mail on all of the Notice Parties and the office of the United States Trustee. Such service and notice is good and sufficient service and adequate notice for all purposes.

11. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to implementation of this Order, including, but not limited to: (a) the enforcement, amendment or modification of this Order; (b) any requests for additional relief or any adversary proceeding brought in or through this Chapter 15 Case; and (c) any request by an entity for relief from the provisions of this Order, for cause shown, as to any of the foregoing, and provided the same is properly commenced and within the jurisdiction of this Court. Any requests for discovery pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure shall be made on notice.

12. This Order is without prejudice to the Foreign Representatives requesting any additional relief in the Chapter 15 Case, including seeking recognition and enforcement in the United States of any further orders issued by the Cayman Court.

13. The Foreign Representatives are authorized to take all actions necessary to effectuate the relief granted by this Order.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

Dated: New York, New York
October 6, 2026

/s/ Philip Bentley
United States Bankruptcy Judge